IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-00979-BNB

R. KIRK McDONALD,

    Plaintiff,

v.

STATE OF COLORADO DEPARTMENT OF JUSTICE,

    Defendant.

ORDER

    This matter is before the Court on the document titled "Emergency Ex Parte Motion TRO Pursuant to F.R.C.P. Rule 65(B)" (ECF No. 1) filed *pro se* by Plaintiff, R. Kirk McDonald.  Mr. McDonald alleges in the motion that his constitutional rights have been violated in connection with a state court action and that he will suffer unlawful incarceration; unlawful seizure of his personal and business property; and unlawful search of his person, personal assets, papers, and effects if preliminary injunctive relief is not granted.  Mr. McDonald has not filed a complaint in this action.  Therefore, on April 7, 2014, Magistrate Judge Boyd N. Boland entered an order directing Mr. McDonald to file a complaint if he wishes to pursue any claims in this action.

    The Court must construe the motion for a temporary restraining order liberally because Mr. McDonald is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d

at 1110. For the reasons stated below, the motion will be denied.

The Federal Rules of Civil Procedure provide as follows with respect to issuance of a temporary restraining order:

> The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if: (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1).

The Court finds that Mr. McDonald is not entitled to issuance of a temporary restraining order because he has not filed a complaint in this action that provides a short and plain statement of the specific claims for relief he intends to pursue. As a result, Mr. McDonald fails to demonstrate he will suffer immediate and irreparable injury before Defendant can be heard in opposition. Accordingly, it is

ORDERED that the "Emergency Ex Parte Motion TRO Pursuant to F.R.C.P. Rule 65(B)" (ECF No. 1) is denied.

DATED at Denver, Colorado, this __10th__ day of __April__, 2014.

BY THE COURT:

   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court