IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-00979-BNB

R. KIRK McDONALD,

    Plaintiff,

v.

STATE OF COLORADO DEPARTMENT OF JUSTICE,

    Defendant.

ORDER OF DISMISSAL

Plaintiff, R. Kirk McDonald, has filed *pro se* a Complaint (ECF No. 8).  The Court must construe the Complaint liberally because Mr. McDonald is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  If the Complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements."  *Hall*, 935 F.2d at 1110.  However, the Court should not act as an advocate for a *pro se* litigant.  *See id.*

The instant action relates to state court proceedings Mr. McDonald alleges are ongoing.  According to Mr. McDonald, he filed two lawsuits in 2009 in Colorado district courts, one against Zions First National Bank and the other against Vectra Bank Colorado, for allegedly engaging in a mortgage fraud scheme that caused him financial

losses. The Complaint includes verbose and repetitive allegations of misconduct by the banks although Mr. McDonald is not suing the banks in this action. The only Defendant in this action is identified as the State of Colorado Department of Justice, purportedly a state agency responsible for erroneous orders entered in the state court actions Mr. McDonald has filed. The following paragraph in the Complaint[1] summarizes the claims Mr. McDonald is asserting:

> Simply, both of McDonald's civil actions, the state of Colorado Justice System has a lack of control of its district-courts and their sitting judges, allowing civil actions to never conclude, allowing judges to literally to do what ever they want, as long as they want, in defiance of direct orders of their superior courts; and clearly outside the precepts of *Stump*. McDonald has been damaged by the State of Colorado and its lack of oversight of its own judicial executives. When their judicial executives misbehave there is no recourse, although rules on the books for contravention of Colorado's Judicial Canon's exist providing recourse for lack of statutory compliance with C.R.S. § 13-5-135.

(ECF No. 8 at 15, ¶33.)

Mr. McDonald specifically asserts four claims for relief in the Complaint alleging that his constitutional rights have been violated. The claims are asserted pursuant to 42 U.S.C. §§ 1983, 1985, and 1986.

Mr. McDonald first claims that his Sixth Amendment rights to self-representation and a speedy trial have been violated because the State of Colorado has prevented him from defending himself by not allowing him to proceed *pro se*. According to Mr. McDonald,

---

[1] The Court will quote the Complaint verbatim without using the traditional "[sic]" to indicate errors in grammar or spelling.

2

> [t]he state-court refused to provide a written order providing McDonald the ability to defend himself. Upon refusal to allow McDonald to proceed as pro se, the state-court then denied McDonald the ability to cross-file for summary judgment, and granted summary judgment to Zions, and undoubtedly prevented McDonald from providing any defense trier of fact to the events in the case and controversy.

(ECF No. 8 at 15, ¶37.)

Mr. McDonald contends in his second claim that his rights to procedural and substantive due process and equal protection have been violated as follows:

> 41. Procedurally, the state-court has refused to obey its superior court, the Colorado Court of Appeals, in excess of three (3) years. The state-district-court simply refusing to obey, and in contempt of the appellate court has refused to hold the state-court in contempt, and therefore has essentially approved the state-courts right to prevent McDonald from the relief sought in a court of equity. Additionally, the state-court although order no entry of judgment has allowed Zions to depose McDonald no less than four times under the masquerade that a judgment has issued; Zions actions simply harassment and persecution.
>
> 42. Substantively, the state-court has allowed Zions to breach McDonald's right to privacy. Zions with the state-court's approval has allowed contractors of Zions to trespass McDonald gated residence and spy upon McDonald taking photographs and invading his right to privacy, further, slandering McDonald to his neighbors stating they were sent by the court to investigate McDonald, his home, holdings and papers therein.
>
> 43. McDonald protections under the equal protection clause have been eviscerated; McDonald damaged by Zions for the loss of his entire retirement account is now indigent, as such, McDonald is a member of the protected class for economic reasons. A retired individual whom has been defrauded by another national bank, McDonald has a civil right to defend his claims for relief in state-court. The state-court discriminated against McDonald because of his economic class. McDonald unable to have paid counsel to

> defend his rights in court, the state court refused and
> actually interfered with McDonald's rights under the equal
> protection clause preventing McDonald from representing
> himself.

(ECF No. 8 at 16.)

Mr. McDonald asserts in his third claim that his Sixth Amendment right to a fair trial has been violated because of unjustified delays and erroneous rulings in the state court cases. Mr. McDonald alleges with respect to the delays that "[t]he state-court and therefore the State of Colorado and its Department of Justice have damaged McDonald, and are responsible for the unmitigated delays in resolution of McDonald's civil claims for resolution since 2009 and the damages caused therein." (ECF No. 8 at 18, ¶54.)

Mr. McDonald finally claims that Defendant has violated his Fourth Amendment rights by authorizing unlawful searches and seizures of his person, personal assets, and papers prior to entry of a final judgment in the state court cases. Mr. McDonald further explains his fourth claim as follows:

> Defendant, State of Colorado, Department of Justice,
> through its state-court has allowed Zions, not a prevailing
> party to seize, garnish and search McDonald's personal
> assets, person, and papers. The Colorado Court of Appeals
> ordered the state-court on October 5, 2011 and again on
> November 2, 2011, state-court has not entered final
> judgment. The state-court ordered "no judgment" then
> refused to obey its superior court, granting Zion's request for
> fees and costs in excess of $102,000 and granted Zion's
> request for seizure and garnishment of McDonald's bank
> account and of his personal and private assets.

(ECF No. 8 at 18, ¶57.)

It is apparent that Mr. McDonald seeks to sue the State of Colorado because he contends his constitutional rights have been violated by two state district courts. As

relief Mr. McDonald requests appropriate injunctive or declaratory relief regarding the refusal by the state district courts to obey the Colorado Court of Appeals and a declaration that the allegedly unlawful debt collection violates his constitutional rights.

Pursuant to Fed. R. Civ. P. 12(h)(3), the Court must dismiss an action if the Court lacks subject matter jurisdiction.  The issue of subject matter jurisdiction may be raised sua sponte by the Court at any time during the course of the proceedings.  *See McAlester v. United Air Lines, Inc.*, 851 F.2d 1249, 1252 (10th Cir. 1988).  "The party seeking to invoke the jurisdiction of a federal court must demonstrate that the case is within the court's jurisdiction."  *United States v. Bustillos*, 31 F.3d 931, 933 (10th Cir. 1994).

This Court lacks jurisdiction over Mr. McDonald's claims in the Complaint because the State of Colorado is protected by Eleventh Amendment immunity.  *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989).  "It is well established that absent an unmistakable waiver by the state of its Eleventh Amendment immunity, or an unmistakable abrogation of such immunity by Congress, the amendment provides absolute immunity from suit in federal courts for states and their agencies."  *Ramirez v. Oklahoma Dep't of Mental Health*, 41 F.3d 584, 588 (10th Cir. 1994).  The immunity provided by the Eleventh Amendment protects the State of Colorado regardless of whether Mr. McDonald is seeking declaratory or injunctive relief or monetary damages.  *See Steadfast Ins. Co. v. Agricultural Ins. Co.*, 507 F.3d 1250, 1252-53 (10th Cir. 2007).

The State of Colorado has not waived its Eleventh Amendment immunity.  *See Griess v. Colorado*, 841 F.2d 1042, 1044-45 (10th Cir. 1988) (per curiam).  Furthermore, congressional enactment of 42 U.S.C. §§ 1983, 1985, and 1986 did not abrogate

Eleventh Amendment immunity. *See Ellis v. Univ. of Kan. Med. Ctr.*, 163 F.3d 1186, 1195-96 (10th Cir. 1998). Therefore, the Complaint must be dismissed for lack of subject matter jurisdiction.

Furthermore, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Plaintiff files a notice of appeal he also must pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

ORDERED that the Complaint and the action are dismissed for lack of subject matter jurisdiction. It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.

DATED at Denver, Colorado, this  16th  day of    April    , 2014.

BY THE COURT:

  s/Lewis T. Babcock  
LEWIS T. BABCOCK, Senior Judge
United States District Court